IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHELLE CAGLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 25-cv-351-GLJ |
| | ) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

This matter is before the Court on Plaintiff's motion to remand. Plaintiff initiated this action in state court in Wagoner County, Oklahoma against the above-named Defendant. Defendant removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See* Docket No. 2 ("Notice of Removal"). Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction. For the reasons set forth below, the Plaintiff's Opposed Motion to Remand to State Court [Docket No. 11] is DENIED.

### Procedural History

Plaintiff, an Oklahoma resident, filed this action on August 15, 2025, in state court in Wagoner County, Oklahoma, in Case No. CJ-2025-330. Plaintiff asserts claims against Defendant for breach of contract and breach of the duty of good faith and fair dealing. *See* Docket No. 2, Ex. 2. On September 30, 2025, Defendant removed this action based on diversity jurisdiction because Plaintiff is a resident of the State of Oklahoma, and it is a

foreign insurance company incorporated in and with its principal place of business in the State of Illinois.  *See* Docket No. 2.  Plaintiff moves to remand, asserting there is no diversity jurisdiction.  Plaintiff does not dispute there is diversity of the parties, but instead argues Defendant failed to establish by a preponderance of evidence that the jurisdictional amount is more than $75,000.  *See* Docket No. 11.

## Analysis

### I.     Legal Standard

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll

doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 332, 333 (10th Cir. 1982).

Section 1446(a) requires that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If a plaintiff contests the removal, however, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. 28 U.S.C. § 1446(c)(2)(B). Thus, the "defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). In considering whether the amount-in-controversy requirement has been satisfied, courts may rely on their "judicial experience and common sense[.]" *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)

## II.     Jurisdictional Amount in Controversy

In her Petition, Plaintiff pleads damages for: 1) "an amount not less than $28,352.26 for the actual damage to her dwelling"; 2) mental pain, mental anguish and suffering, anxiety, embarrassment, and loss of reputation in an amount to be determined; 3) punitive damages pursuant to 23 Okla. Stat. § 9.1; and 4) attorney's fees, costs of litigation and interest pursuant to 36 Okla. Stat. § 3629 and 12 Okla. Stat. §§ 936, 940 and 942. *See* Docket No. 2, Ex. 1 at ¶¶ 18, 36 & 37 and Prayer for relief. Plaintiff specifically alleges consequential and punitive damages each in "an amount less than $75,000.00". *Id.* at Prayer for relief.

Plaintiff argues that, as master of her case, she specifically pled that the total amount of her damages is less than $75,000 and that her request for attorney's fees and costs is irrelevant to the jurisdictional amount of her damages. Nonetheless, Plaintiff refused to sign a stipulation proposed by Defendant that Plaintiff will not seek a judgment or request a verdict for an amount exceeding $75,000, including attorney's fees, costs and interests. *See* Docket No. 11, Ex. 1. Instead, Plaintiff proposed a stipulation in which she would agree that the "amount in controversy" does not exceed $75,000, exclusive of attorney's fees, costs and interests as well as any subsequent appeals, "absent a currently unforeseen material change in circumstances." *Id.*, Ex. 2. What might constitute an unforeseen material change is circumstance was not defined or delineated. Neither proposed stipulation was agreed to by the parties or signed by Plaintiff. *Id.*, Ex. 1 & Ex. 2.

In the Notice of Removal, Defendant asserts the jurisdictional amount is met based on the damages claimed in the Petition. Defendant asserts that the Petition vaguely and imprecisely asserts unspecified actual damages, unspecified extracontractual and punitive damages, as well as attorney's fees, costs and interest. Defendant asserts that although Plaintiff vaguely pleads her actual damages, she also seeks extracontractual damages in an unspecified amount as well as punitive damages and attorney's fees. Defendant asserts that taken together, all the damages Plaintiff seeks plausibly total more than $75,000.

The sum demanded in good faith in the initial pleading is generally deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). In the absence of an explicit demand for more than $75,000, however, the removing defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play. .

-4-

." *McPhail*, 529 F.3d at 955. Once such jurisdictional facts are established by a preponderance of evidence then removal of the action is proper based on an amount in controversy "unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*. at 954. *See also*, *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir.2003) (Once those jurisdictional facts are proven, a removing defendant is entitled to stay in federal court so long as "it is not legally certain that the claim is less than the jurisdictional amount.").

Based on the Defendant's identification of the totality of the damages pled on the face of the Petition, Defendant meets its burden to set forth a factual basis for at least the $75,000 amount in controversy. Defendant notes the four types of damages for which Plaintiff seeks to recover. Plaintiff facially seeks to recover "not less than" $28,352.26 in actual damages resulting from damage to her property. While Plaintiff pleads that her actual damages are "less than $75,000," she does not give a specific amount between $28,352.26 and $74,999.99 she will seek at trial or in settlement. It is reasonable therefore to conclude that Plaintiff seeks at least $28,352.26 in actual damages. While she also seeks unspecified extra contractual damages for mental pain, mental anguish and suffering, anxiety, embarrassment, and loss of reputation, Defendant does not attempt to put any economic value on such damages. Therefore, the Court declines to do so as well.

Plaintiff seeks punitive damages in "an amount less than $75,000." The general rule is that punitive damages may be considered in arriving at the total amount in controversy. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994); *Flowers v. EZPawn Okla.,*

*Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004). While Plaintiff simply pleads punitive damages in "an amount less than $75,000," Oklahoma law permits the recovery of punitive damages of $100,000 or the amount of actual damages where the "insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured" 12 Okla. Stat. § 9.1(B)(2).[1] Even if Plaintiff only seeks punitive damages less than $75,000, she is entitled to receive at least the amount of her actual damages.

Lastly, Plaintiff seeks to recovery her attorneys' fees and costs. Although Plaintiff argues attorney's fees are not included in the calculation, attorney's fees may be included in the amount in controversy. The Supreme Court "has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); *see also Molzahn v. State Farm Mut. Auto. Ins.*, 422 F.2d 1321, 1322 (10th Cir. 1970). Plaintiff specifically alleges she can recover her attorney's fee under Oklahoma law, specifically 36 Okla. Stat. § 3629 and 12 Okla. Stat. §§ 936 and 940. Although Defendant does not offer an estimate of attorney's fees it believes Plaintiff will likely incur in this case, it notes the time already involved in litigating to case, future work to be done including conducting a 3–4-day trial, and that Plaintiff did not limit her request for attorney's fees to less than $75,000.

---

[1] Because Plaintiff alleges Defendant acted "intentionally," *see* Docket No. 1, Ex. 2 at ¶ 34, she may seek to recover punitive damages in the amount of $500,000 or twice the amount of actual damages. *Id*. at § 9.1(C)(2).

Cumulatively, the Court concludes that even if Plaintiff seeks a maximum of $28,352.26 in actual damages but no extra contractual damages and punitive damages only equal to her actual damages, this totals approximately $56,700.  Thus, Plaintiff would only need to incur approximately $18,300 in attorney's fees to exceed the $75,000 threshold.  At this early stage of the litigation and in the Court's judicial experience and common sense, it cannot say that a reasonable attorney fee in this case will be less than $18,300, which is the amount of attorney fees necessary to make the amount in controversy meet the jurisdictional requirement.  Therefore, the Court concludes that Defendant has set for sufficient jurisdictional facts to carry its burden, and it is not legally certain that the claim is less than the jurisdictional amount.

## Conclusion

Accordingly, the Plaintiff's Opposed Motion to Remand to State Court [Docket No. 11] is DENIED.

**DATED** this 4th day of December, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**